NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-124-HRW

DEREK GILL                                                                                            PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

SGT. K. WILLIAMS
 and WARDEN JOHN MOTLEY                                                           DEFENDANTS

\* \* \* \* \* \*

Derek Gill, an individual presently confined at the Eastern Kentucky Correctional Complex ("E.K.C.C.") in West Liberty, Kentucky, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff claims that E.K.C.C. Corrections Officer Williams used excessive force against him and that Warden Motley failed to train and supervise Williams properly.

FACTUAL ALLEGATIONS

The following is a summary or construction of the plaintiff's factual allegations, as contained in his completed complaint form or gleaned from documents attached to it. Record No. 1.

On May 7, 2005, a fight broke out between two E.K.C.C. inmates, and the responding correctional officers decided to search the bodies of all inmates in the area to look for scratch marks which would reveal who was involved in the fight. The instant plaintiff states that he was searched

and then a second search of his body was begun "almost immediately." He describes the rest of the complained-of incident and its aftermath as follows:

> . . . Since I have a rather advanced affliction called "Tourette's Syndrome" I involuntarily stamped my feet and clenched my fists at my side which the officers erroneously construed as physical resistence which I did not intend to be. Sgt. K. Williams grabbed me, slung me forcefully against a metal railing then forced me to the concrete and cuffed and shackled me . . . subject[ing] me to more physical force than was necessary. . . . As a result . . . I suffer and continue to suffer severe and permanent physical injuries to my body which has caused me to suffer serious and on-going mental & emotional pain suffering and anguish.

*Id.* at 8. The plaintiff seeks a jury trial and damages.

DISCUSSION

Before considering the merits of the claims made herein, the Court must begin with an examination of a statutory pre-condition to a prisoner's filing a lawsuit in federal court. Several years ago, the United States Congress passed the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, which amended certain statutes including 42 U.S.C. §1997e, which now requires as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has directed that the statute means just what it says. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Sixth Circuit has consistently insisted on compliance with the statute and a clear demonstration of that compliance at the time of filing a prisoner's lawsuit. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach

2

copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity, so as to demonstrate exhaustion. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

In the case *sub judice*, Plaintiff Gill does not allege exhaustion. He does, however, provide a copy of a grievance form, which he completed, describing the incident therein as he has done herein. The form is entitled "Department of Corrections Inmate Grievance Form"; contains the plaintiff's signature that he submitted it two months later, on July 12, 2005; and references the Corrections Practice and Procedures 14.6. On July15th, the prison's Grievance Office returned the form to him with an attached sheet of paper explaining that the grievance was not timely submitted, as it had been filed well past the 5 working days time limit for filing.

The plaintiff has marked on the bottom of the grievance form that he was not satisfied with the response, after which the form provides, "You have 5 working days to forward this form to the Grievance Coordinator to request a hearing." The plaintiff has signed his name under this sentence. However, he neither alleges that he sought a hearing, nor provides any evidence that he did so or that he pursued the matter further in any way. Explaining that "I was unaware that we had a 5 day time limit," he apparently let the matter die. There was, therefore, no exhaustion of the administrative system and thus, no notice of the plaintiff's claims to the warden or to the Commission of the Kentucky Department of Corrections. C.P.P. 14.6 at I.

The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion,

3

explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999). State officials must be given the first opportunity to respond to the prisoner's allegations and take corrective action. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (citing *Porter v. Nussle*, 534 U.S. at 525).

In the case *sub judice*, neither the warden nor Commissioner received notice of an officer's conduct so as to facilitate an investigation. Because of the plaintiff's not exhausting the matter administratively, the state correction defendants herein did not receive notice of the officer's conduct or plaintiff's claim that he has received permanent injuries as a result of that conduct. Therefore, under *Brown v. Toombs,* and *Knuckles El v. Toombs*, dismissal is required. An official's rejection of a prisoner's administrative remedy, on the ground that it is untimely, does not end the prisoner's obligations, the Sixth Circuit having specifically held that by rejecting a claim as untimely, the prison officials may have missed an opportunity to address the problem but the prisoner is not relieved of his burden to go to the next level(s) to fully exhaust the administrative remedy scheme. *Thomas v. Woolum*, 337 F.3d 720, 745-44 (6th Cir. 2003).

Further, giving the prison officials "fair notice" of a problem also facilitates "development of 'an administrative record that clarifies the contours of the controversy' in advance of litigation." *Burton*, 321 F.3d at 575. That administrative record prepares a record for the federal court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The instant plaintiff has not assisted the Court by providing a record. He has also not helped himself. His complaint must be dismissed, without prejudice, for his failure to exhaust the Department of Corrections process

prior to filing the instant cause of action. *See Mentecki v. Corrections Corp. of America*, 234 F.3d 1269, 2000 WL 1648127 (6th Cir. 2000) (unpublished) (impermissible for prisoners to begin the process, then short-circuit the system, and later allege the futility of going further).

CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This September 29, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge